UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON JOSEPH MARTIN                                CIVIL ACTION

VERSUS                                                              NUMBER: 15-6204

LA. DEPT. OF PUBLIC SAFETY                              SECTION: "J"(5)
& CORRECTIONS – DIVISION OF
PAROLE & PROBATION, ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Brandon Joseph Martin, against Defendants, the Louisiana Department of Public Safety & Corrections' ("LDPSC") Division of Parole & Probation ("DPP") and Parole Officer/Supervisor Lisa Cassara. (Rec. doc. 4, pp. 1, 5).

Essentially, this is an action challenging the computation of a prisoner's expired sentence and the correctness of his release date. Plaintiff, an inmate of the Jefferson Parish Correctional Center ("JPCC"), states that on July 19, 2012, he pled guilty to a series of domestic abuse charges in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, for which he was sentenced to jail terms of varying lengths that were ordered to be served concurrently with each other and with a 60-day contempt sentence that he had previously received, all with credit for time served. Plaintiff was then remanded to JPCC and was subsequently transferred to a LDPSC facility. On September 9, 2013, Plaintiff indicates that he was released from custody pursuant to a diminution of sentence and was placed on parole subject to the supervision of DPP. At that time, Plaintiff was advised that his "full term" release date was January 24, 2015 rather than October 26, 2014, the proper release date according to his calculations.

Thereafter, on June 30, 2014, Plaintiff states that he was rearrested in Jefferson Parish on unidentified charges and on July 1, 2014, a "parole hold" was issued to insure his continued detention. According to Plaintiff, LDPSC records at that time revealed his full term release date to still be January 24, 2015. Plaintiff alleges that he subsequently sent numerous administrative remedy procedure ("ARP") forms to the LDPSC Headquarters in Baton Rouge in an effort to resolve his sentence computation issue but received no response. His attempts to contact Parole Officer Cassara were equally unavailing. Ultimately, January 24, 2015 passed but Plaintiff was not released from custody nor was the parole hold lifted. Plaintiff states that on May 5, 2015, he was personally visited by Cassara at JPCC and was presented with official paperwork for him to sign to lift the parole hold, being informed that there would be a 10-day lag time for the hold to be lifted. That was eventually accomplished on August 12, 2015 when Plaintiff signed a "diminution of sentence" form that officially released him from the custody of the LDPSC. For the placement of the parole hold on him from January 24, 2015 to August 12, 2015, Plaintiff seeks compensatory and punitive damages in the amount of $150,000.00. (Rec. doc. 4).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 7). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, the Court nonetheless finds that this matter should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity in which Parole Officer Cassara is being sued.  "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity."  *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008).  On that score, states, their departments, and state officials acting in their official capacity are not considered to be "persons" within the meaning of §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).  In addition, it is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their subdivisions, and state officials acting in their official capacity.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)).  Because sovereign immunity deprives a court of jurisdiction, the claims so barred from consideration are appropriately dismissed without prejudice.  *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006).  In light of these authorities, it will be recommended that Plaintiff's §1983 claims against DPP and against Parole Officer Cassara in her official capacity be dismissed without prejudice for want of jurisdiction.

Turning to Plaintiff's §1983 claim for monetary damages against Parole Officer Cassara in her individual capacity, such a claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), a doctrine that applies with equal force to proceedings that call into question the fact or duration of parole.  *Littles v. Bd. of Pardons & Paroles*, 68 F.3d 122, 123 (5th Cir. 1995).  The teachings of *Heck* apply to Plaintiff's §1983

claim regarding the time that he has already served. *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000), *cert. denied*, 532 U.S. 971, 121 S.Ct. 1601 (2001). Absent a showing that the revocation of Plaintiff's parole or the placement of a detainer on him for the alleged violation of his parole have been reversed, set aside, or called into question by an appropriate state or federal tribunal authorized to make such a determination, he has no §1983 claim for monetary damages against Cassara in her individual capacity. *Heck*, *supra*. And in any event, Cassara is entitled to absolute immunity from liability for the acts complained of herein. *Littles*, 68 F.3d 123.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's claims against the DPP and against Parole Officer Cassara in her official capacity be dismissed without prejudice for want of jurisdiction and that Plaintiff's claim against Parole Officer Cassara in her individual capacity be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this __7th__ day of _____January_____ 201_6_ .

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE